Haik Beloryan, Esq., #265667
Vahe Shakhgeldyan, Esq., #314643
BELORYAN & MANUKYAN LLP
4730 Woodman Ave., St. 405
Sherman Oaks, CA 91423
(818) 387-6428 (tel.)
(818) 387-6893 (fax)
beloryanlaw@gmail.com
vahe.shakhgeldyan@bmsllp.com

Attorneys for Plaintiff:
CARLOS URIAS

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS URIAS, an individual<br><br>　　　　　Plaintiff,<br>　　vs.<br><br>UNITED STATES OF AMERICA; and DOES 1 to 50, Inclusive,<br><br>　　　　　Defendants. | Case No.: 2:22-cv-1680<br><br>**COMPLAINT FOR DAMAGES BASED ON:**<br><br>1. NEGLIGENCE/MOTOR VEHICLE<br><br>**JURY TRIAL DEMANDED** |

///

///

## JURISDICTION and VENUE

1. This court has jurisdiction over the subject matter of this complaint under 28 U.S.C. § 1331 and § 1346(b).

2. Plaintiff CARLOS URIAS filed his claim with the United States Postal Service for bodily injury he sustained in an auto accident caused by United States postal worker. The subject auto accident occurred on October 17, 2020, at about 6:50 p.m.

3. On April 13, 2021, Plaintiff received acknowledgment from the United States Postal Service that the claim involving the subject auto accident of October 17, 2020 has been received and assigned to a Tort Claims Examiner for adjudication.  Plaintiff, having receive no response from the Tort Claims Examiner, and having exhausted all available administrative remedies, files this action in accordance with the applicable Federal Tort Claims Act. 28 U.S.C. § 2675(a).

4. The venue is properly within this district under 28 U.S.C. § 1402(b) as the act that is the subject of this complaint occurred within the County of Los Angeles, State of California, Central District of California.

## PARTIES

5. Plaintiff, CARLOS URIAS, a natural person, is, and at all times herein mentioned was, a resident of the State of California, County of Los Angeles.

6. The United States postal worker at all times relevant hereto was an employee of the United States Postal Service, an agency of the UNITED STATES OF AMERICA, in the State of California, County of Los Angeles, City of Los Angeles.

7. At all times relevant to this complaint, the United States postal worker was acting within the course and scope of his employment with the United States Postal Service. As such, the defendant the UNITED STATES OF AMERICA is the appropriate defendant under the Federal Tort Claims Act.

## FACTUAL ALLEGATIONS

8. Plaintiff, CARLOS URIAS (hereinafter referred to as "Plaintiff URIAS"), is a lawful resident of the United States of America.

9. On October 17, 2020, at about 6:50 p.m., Plaintiff URIAS was a driver of a certain 2020 Toyota Camry. At the previously mentioned time and place, the United State postal worker, while operating a United States Postal Services vehicle, caused an auto accident with Plaintiff URIAS' vehicle.

10. The United States postal worker acted in a negligent manner by operating Defendant's postal vehicle in a negligent manner, namely by failing to maintain proper distance with Plaintiff's vehicle, and rear-ended Plaintiff's vehicle.

///

///

# FIRST CAUSE OF ACTION

## NEGLIGENCE / MOTOR VEHICLE

### Plaintiff against the UNITED STATES OF AMERICA

### Federal Tort Claims Act – Negligence/Wrongful Death

11. The United States postal worker owed a duty to Plaintiff URIAS and as described above, breached his duty to Plaintiff URIAS and as such, was the direct and proximate cause and a substantial factor in bringing about Plaintiff URIAS' damages as outlined below.

12. The actions of the United States postal worker constitute a tort of negligence under the laws of the State of California.

13. Under the Federal Tort Claims Act, defendant UNITED STATES OF AMERICA is liable for the negligence of the United States postal worker, who was an employee of the United States Postal service on the subject date of loss of October 17, 2020.

14. As a direct and proximate result of the United States postal worker's negligence and the resulting incident, Plaintiff URIAS was rendered sick, sore, lame, hurt, and was damaged. Plaintiff URIAS suffered damages in an amount to be determined at time of trial including, but not limited to, a major neurocognitive disorder due to traumatic brain injury, physical injuries to his neck and back, bilateral shoulders, and pain and suffering stemming from his physical and emotional injuries sustained when Plaintiff's vehicle was rear-

ended by the postal vehicle driven by the United States postal worker.

Plaintiff URIAS suffered past medical damages in an amount of $174,168 for the medical care he received as a result of the negligence of the defendants.

15. As a further proximate result of the incident, Plaintiff URIAS has been and, in the future, will be required to obtain the services of physicians and to incur other medical expenses, including but not limited to, additional physical therapy, neurological evaluations, neuropsychological evaluations and treatment, and additional pain management administered epidural injections to his lumbar and cervical spines in an amount according to proof at the time of trial.

16. As a further proximate result of the incident, Plaintiff URIAS has sustained a loss of earnings in the amount of $65,000 annually since the subject accident, and will sustain future loss of earnings in an amount according to proof at the time of trial.

17. As a further proximate result of the incident, Plaintiff URIAS has sustained property damages in the amount of $4,234.26 for the repairs of his vehicle.

18. Finally, Plaintiff URIAS has suffered mentally, emotionally, and physically as a result of the United States postal worker's negligence as described above all to his general damages in an amount according to proof at the time of trial.

## PRAYER

WHEREFORE, Plaintiff respectfully requests for a judgment as follows:

COMPLAINT FOR DAMAGES - 5

1. For special damages, inclusive of past and future medical expenses, in an amount to be determined at time of trial but in no event less than $174,168;
2. For loss of income and earning capacity in an amount to be determined at time of trial but in no event less than $97,500;
3. For property damage in the amount of $4,234.26;
4. For general damages in an amount to be determined at time of trial but in no event less than $2,100,000; and
5. For such other and further relief as the court may deem just and appropriate.

///

DATED: March 14, 2022                    BELORYAN & MANUKYAN LLP

    */s/ Vahe Shakhgeldyan*
Haik Beloryan, Esq.
Vahe Shakhgeldyan, Esq.
Attorneys of record for:
Plaintiff CARLOS URIAS

### DEMAND FOR JURY TRIAL

Plaintiff URIAS hereby demands a trial by jury pursuant to Fed. R. Civ. P. 38

///

DATED: March 14, 2022                    BELORYAN & MANUKYAN LLP

    */s/ Vahe Shakhgeldyan*
Haik Beloryan, Esq.
Vahe Shakhgeldyan, Esq.
Attorneys of record for:
Plaintiff CARLOS URIAS